[No. 2952.]

## R. M. BEVILLE v. THE STATE.

1. ARREST—FALSE IMPRISONMENT.—The ordinances of the incorporated town of D. making drunkenness and breaches of the peace offenses, the marshal of the town or his deputy was authorized, without warrant, to arrest a party infringing such ordinances in his view. The fact that the drunken man's proposition when first arrested, to give bond, was refused and he was confined in the calaboose for an hour, will not authorize a conviction for false imprisonment.
2. SAME—CHARGE OF THE COURT.—Upon the question of the right of the deputy marshal to arrest a party detected in the violation of the ordinance, the trial court charged that, in order to make a valid arrest, such officer must have "express" authority. *Held*, error.

APPEAL from the County Court of Wise. Tried below before the Hon. G. B. Pickett, County Judge.

The opinion discloses the nature of the case. A fine of ten dollars was the penalty imposed.

The evidence disclosed, in substance, that Decatur, Wise county, was a town incorporated under the general incorporation act of the State; that its ordinances denounced drunkenness and breaches of the peace as offenses; that H. C. Carter was drunk and in the act of committing a breach of the peace in the presence of N. C. Cargill, marshal, and the defendant, deputy marshal, of the town; that the marshal and the defendant, having no warrant, arrested Carter, and started to the town calaboose with him; that Carter proposed, as soon as arrested, to execute a bond for his appearance before the mayor's court, and that several parties present, some of whom were solvent, proposed to sign such bond as sureties; and that the marshal declined to accept a bond. There was no proof that the marshal heard any solvent person propose to go on the bond. It was proved, also, that while the defendant and the marshal were taking Carter to the calaboose, Carter tripped the marshal, threw him down and stamped him, and, while the marshal was unlocking the calaboose door, that Carter struck the marshal a blow in the face, whereupon the marshal struck Carter a severe blow over the right eye, drawing the blood. Carter was con-

fined in the calaboose for about one hour, and was released on bail.

The motion for new trial raised the questions involved in the opinion.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE.  N. C. Cargill, marshal of the city of Decatur, and the appellant, deputy marshal, arrested one H. C. Carter within the limits of said city, while said Carter was intoxicated in a public place, and in the act of committing a breach of the peace in the view of said officers.  The arrest was made without a warrant.  The marshal and appellant, his deputy, carried Carter to the calaboose, a place provided by the city for the detention of city prisoners, and there kept him confined about an hour, when he was liberated on giving an appearance bond. Carter proposed to give such bond when he was arrested, but this was refused by the marshal and appellant.  By ordinances of the city of Decatur drunkenness and breaches of the peace are made offenses.

Appellant was prosecuted to conviction for false imprisonment; from which conviction he appeals to this court.  Under the above state of facts, had appellant the right to arrest and imprison Carter as he did?  We are most clearly of the opinion that he had.  Nor does the fact that Carter offered to give bond when arrested affect the question.

As stated in the case of *Scircle* v. *Neeves*, 47 Indiana, 289: "There is probably not a city or town in the State making any pretense to proper municipal government that has not an ordinance in substance the same as this (one making drunkenness an offense), and whose police officers do not constantly arrest, lock up and afterward carry before the courts, persons who violate its provisions.  Such persons must learn that society has the right to protect itself against the evil influences of their example, and that they are proper objects of municipal legislation, arrest and punishment."  This we believe to be the correct doctrine.

We are of the opinion that it was the duty of the marshal, or his deputy, to arrest and confine Carter until he became sufficiently sober and rational as not to be a nuisance to peaceable

and orderly citizens of the city. Society has rights as well as the citizen, and when the good order of society is thus invaded and defied, her officers should act promptly and effectively.

This verdict is not supported by the evidence, and for this, if no other reason, the judgment would be reversed.

The learned judge charged the jury that defendant must have *express* lawful authority to make the arrest. This was calculated to mislead the jury. If, from all the circumstances, the law would authorize the arrest, by a fair construction, defendant would not be guilty because the power was not *expressly* given. Because the charge was erroneous, and because the evidence does not support the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 26, 1884.